**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CHARLES TERRANCE JILES | ) | CASE NO.: 17-41086-EJC |
| | ) | |
| DEBTOR | ) | JUDGE EDWARD J. COLEMAN III |
| | ) | |

**RESPONSE TO DEBTOR'S AMENDED**
**OBJECTION TO CLAIM #3 OF RUSHMORE LOAN MANAGEMENT SERVICES, LLC**

    **COMES NOW** U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT ("Respondent") a creditor in the above-captioned case, by and through counsel, and moves this Court to enter an order denying Debtor's Objection to Claim.  In support, Respondent respectfully shows this Court as follows:

1.

    Debtor filed the instant Chapter 13 case on February, 2021.

2.

    Respondent is a secured creditor of Debtor, secured by the Note and Security Deed on the Debtor's real property located at 504 Diamond Cut, Rincon, Georgia 31326 pursuant to the timely filed its Proof of Claim on September 26, 2017 (Court Claim No. 3-1).  The claim reflected an arrearage owed of $22,957.66.

3.

    The Debtor filed the Objection to Claim of Creditor on November 16, 2022 and the basis of the objection is that the balance owed to Creditor on its Proof of Claim is not owed due to the potential approval of Loss Mitigation/Loan Modification Agreement.

4.

    Subsequent to the filing of the claim, the Debtor did submit to Creditor, through its servicer, Rushmore Loan Management Services, LLC a request for Loss Mitigation/Loan Modification Agreement. However, said Loss Mitigation/Loan Modification has not been approved by Creditor.

5.

    The Creditor asserts that until or unless the Loss Mitigation/Loan Modification Agreement is approved and finalized, with signatures by all parties, the pre-petition and, if applicable, post-petition arrearage per timely filed and allowed Proof of Claim(s) continue to be due and owing.  Again, at the time

of the filing of the objection and this response, there is/has been no Loss Mitigation/Loan Modification Agreement agreed to between the parties or consummated.

6.

The Chapter 13 Plan confirmed in this case provides that the arrearage owed to Creditor shall be paid through the Chapter 13 Plan, with the Trustee as disbursing agent.  Accordingly, the claim shall continue to be funded by the Chapter 13 Trustee.

**WHEREFORE**, Respondent prays the Court as follows:

1.     Enter an Order Denying Debtor's Objection to Claim; and

2.     Grant Respondent such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ Laura A. Grifka
Laura A. Grifka, GA Bar No. 312055
Attorneys for Creditor/Respondent
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: lgrifka@mtglaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing in the above captioned case was this day served upon the below named persons by either United States Mail or Electronic Mail at the addresses shown below:

**Via U.S. Mail**
Charles Terrance Jiles
504 Diamond Cut
Rincon, GA 31326

**Via CM/ECF electronic service:**
Daniel C. Jenkins
Law Offices of Daniel C. Jenkins, LLC
24 Drayton Street
Suite 204
Savannah, GA 31401

O. Byron Meredith III
Chapter 13 Trustee
P.O. Box 10556
Savannah, GA 21412

Dated: December 20, 2022

/s/ Laura A. Grifka
Laura A. Grifka, GA Bar No. 312055
Attorneys for Creditor/Respondent
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: lgrifka@mtglaw.com
MTG File #: 22-001739